1
2
3
4
5
6
7

**FILED**
CLERK, U.S. DISTRICT COURT

NOV 13 2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

8               UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10               October 2024 Grand Jury

11  UNITED STATES OF AMERICA,       CR **2:24-CR-00683-SPG**

12          Plaintiff,               I N D I C T M E N T

13          v.                       [18 U.S.C. § 371: Conspiracy to
                                     Engage in the Business of Dealing
14  BRIAN AVILA,                     in Firearms Without a License and
    ANDREW SANCHEZ,                  Conspiracy to Transfer and Possess
15  JONATHAN SILVA, and             Machineguns; 18 U.S.C.
    JUAN SANCHEZ JR.,                § 922(a)(1)(A): Engaging in the
16   aka "Junior,"                   Business of Dealing in Firearms
                                     Without a License; 18 U.S.C.
17          Defendants.              § 922(g)(1): Felon in Possession
                                     of Firearms and Ammunition; 18
18                                   U.S.C. § 924(d)(1), and 28 U.S.C.
                                     § 2461(c): Criminal Forfeiture]
19
20

21      The Grand Jury charges:

22                    COUNT ONE

23                [18 U.S.C. § 371]

24        [DEFENDANTS AVILA, A. SANCHEZ, AND SILVA]

25  A.   INTRODUCTORY ALLEGATION

26      At times relevant to this Indictment, defendants BRIAN AVILA,

27  ANDREW SANCHEZ ("A. SANCHEZ"), and JONATHAN SILVA did not have a

28  federal firearms license issued by the United States Bureau of

Alcohol, Tobacco, Firearms, and Explosives, and thus were not licensed to import, manufacture, or deal in firearms.

B.    OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about March 16, 2024, and continuing until the present, in Los Angeles County, within the Central District of California, defendants AVILA, A. SANCHEZ, and SILVA conspired with others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.    MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendants AVILA, A. SANCHEZ, and SILVA would obtain firearms to sell.

2.    Defendants AVILA and A. SANCHEZ would coordinate the date, time, and location of the firearms sales with customers and associates.

3.    Defendants AVILA, A. SANCHEZ, and SILVA would meet with and sell firearms to customers and associates or would send co-conspirators to meet with and sell firearms to the customers and associates.

D.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants AVILA, A. SANCHEZ, and SILVA, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of

California, and elsewhere, including, but not limited to, the following:

**March 29, 2024: Sale of One Firearm**

Overt Act No. 1:    On March 16, 2024, via Instagram using coded language, defendant AVILA sent a photograph of a firearm and message containing the price to an individual he believed was a firearms customer, but who was actually a confidential informant working with law enforcement (the "CI").

Overt Act No. 2:    On March 19, 2024, via text message using coded language, defendant AVILA discussed with the CI firearms available for sale.

Overt Act No. 3:    On March 28, 2024, via text message, defendant AVILA sent the CI several photographs depicting firearms.

Overt Act No. 4:    On March 29, 2024, via text message, defendant AVILA sent the CI the meeting location for a firearm sale.

Overt Act No. 5:    On March 29, 2024, in El Monte, California, defendant AVILA met with an individual he believed was a firearms customer but was actually an undercover law enforcement agent (the "UC") and sold the UC a privately manufactured firearm that lacked a serial number (commonly referred to as a "ghost gun") with an extended magazine and multiple rounds of ammunition for $900.

Overt Act No. 6:    On March 29, 2024, defendant AVILA discussed with the UC selling additional firearms to the UC in the future.

**April 24, 2024: Sale of Three Firearms**

Overt Act No. 7:    On April 22, 2024, via text messages using coded language, defendant AVILA sent the UC multiple photographs of firearms and prices and arranged a future firearms sale with the UC.

Overt Act No. 8:    On April 24, 2024, in El Monte, California, defendant AVILA met with the UC and told the UC that defendant AVILA's cousin -- referring to defendant A. SANCHEZ -- would be arriving soon and that the cousin had gotten "raided" the other day and did not have "shit here."

Overt Act No. 9:    On April 24, 2024, in El Monte, California, defendant A. SANCHEZ met with defendant AVILA near the trunk of defendant A. SANCHEZ's vehicle, and both defendants A. SANCHEZ and AVILA reached in and grabbed firearms out of defendant A. SANCHEZ's vehicle.

Overt Act No. 10:    On April 24, 2024, in El Monte, California, defendants A. SANCHEZ and AVILA sold the UC two ghost guns, a revolver, and ammunition for $2,700.

**May 14, 2024: Sale of Four Firearms**

Overt Act No. 11:    On May 12, 2024, via text message using coded language, defendant AVILA sent the UC photographs of firearms with prices and arranged to sell UC three firearms.

Overt Act No. 12:    On May 14, 2024, via text message using coded language, defendant AVILA told the UC that he may not be able to make it to the meeting but that defendant A. SANCHEZ would meet with the UC and that defendant A. SANCHEZ had an additional firearm with a drum magazine for sale.

Overt Act No. 13:    On May 14, 2024, in El Monte, California, defendant A. SANCHEZ met with the UC and delivered three firearms to the UC for $3,000, and informed the UC that they needed to go to another location to pick up a fourth firearm.

Overt Act No. 14:    On May 14, 2024, defendant A. SANCHEZ and the UC drove to another location in El Monte, California, and

4

defendant A. SANCHEZ told the UC about how defendant A. SANCHEZ would ship firearms and machinegun conversion devices to defendant A. SANCHEZ's brother in Chicago and receive firearms and machinegun conversion devices from his brother in Chicago.

Overt Act No. 15:   On May 14, 2024, defendant A. SANCHEZ and the UC arrived at the second location in El Monte, California, where defendant SILVA was located, and defendant SILVA handed defendant A. SANCHEZ an envelope containing a pistol, which defendant A. SANCHEZ handed to the UC for $900, a portion of which defendant A. SANCHEZ said would be given to defendant AVILA.

**June 12, 2024: Sale of Five Firearms**

Overt Act No. 16:   On June 11, 2024, via phone call using coded language, defendant A. SANCHEZ discussed with the UC the firearms defendants A. SANCHEZ and AVILA had available for sale.

Overt Act No. 17:   On June 12, 2024, via phone call using coded language, defendant A. SANCHEZ instructed the UC to meet at defendant AVILA's residence for a firearms purchase.

Overt Act No. 18:   On June 12, 2024, in El Monte, California, defendants A. SANCHEZ and AVILA met with the UC and sold the UC five pistols and ammunition for $5,100.

**June 18, 2024: Sale of Five Firearms**

Overt Act No. 19:   On June 14, 2024, via text message, defendant A. SANCHEZ sent the UC a video and photograph of a 3D printed pistol and extended magazine.

Overt Act No. 20:   On June 17, 2024, via text message using coded language, defendant A. SANCHEZ agreed to sell firearms to the UC in El Monte, California.

Overt Act No. 21:   On June 18, 2024, via text message using coded language, defendant A. SANCHEZ provided the UC with a different address in El Monte, California to meet at and explained that it was because defendant SILVA, who had a Draco firearm to sell, would meet them there.

Overt Act No. 22:   On June 18, 2024, in El Monte, California, defendant A. SANCHEZ met with the UC and sold the UC five firearms and ammunition for $5,050.

Overt Act No. 23:   On June 18, 2024, in El Monte, California, defendant SILVA met with defendant A. SANCHEZ and the UC and informed them that defendant SILVA's cousin was running late.

Overt Act No. 24:   On July 24, 2024, defendant A. SANCHEZ explained to the UC that defendant SILVA and defendant SILVA's cousin had together purchased the Draco firearm referenced in.

**July 24, 2024: Sale of Eight Firearms**

Overt Act No. 25:   Between July 20 and July 24, 2024, via text messages using coded language, defendant A. SANCHEZ sent the UC various photographs of firearms with prices and agreed to meet the UC at the UC's "shop" in Los Angeles to sell the UC firearms.

Overt Act No. 26:   On July 24, 2024, defendant A. SANCHEZ arrived to sell the UC firearms at the pre-arranged location in Los Angeles, California with a co-conspirator.

Overt Act No. 27:   On July 24, 2024, in Los Angeles, California, defendant A. SANCHEZ sold the UC four AR-style pistols, one rifle, two pistols, and ammunition for $7,500.

Overt Act No. 28:   On July 24, 2024, defendant A. SANCHEZ told the UC that the co-conspirator had a firearm to sell for $850 and showed the UC a photograph of a ghost gun.

Overt Act No. 29:    On July 24, 2024, defendant A. SANCHEZ retrieved the ghost gun from the co-conspirator and sold the ghost gun to the UC for $850.

**October 3, 2024: Sale of Five Firearms**

Overt Act No. 30:    On September 30, 2024, via text message using coded language, defendant A. SANCHEZ told the UC to "link" up with defendant AVILA because defendant A. SANCHEZ was unavailable due to personal reasons.

Overt Act No. 31:    On October 1, 2024, via text message using coded language, defendant AVILA discussed firearms and prices with the UC.

Overt Act No. 32:    On October 1, 2024, via phone call using coded language, defendant AVILA told the UC that he had four firearms -- three long rifles and a "p80" -- that defendant A. SANCHEZ had brought defendant AVILA.

Overt Act No. 33:    On October 3, 2024, in El Monte, California, defendants AVILA and SILVA met with the UC and defendant AVILA sold the UC five firearms, including the three long rifles and a "p80" ghost gun, and ammunition, for $3,600.

Overt Act No. 34:    On October 3, 2024, defendant SILVA informed the UC that defendant SILVA could deliver firearms to the UC.

Overt Act No. 35:    On October 3, 2024, defendant SILVA told the UC that the person with the Draco firearm from June 18, 2024, still had the firearm and that defendant SILVA would ask the person about it.

COUNT TWO

[18 U.S.C. § 371]

[DEFENDANTS A. SANCHEZ AND J. SANCHEZ]

A.    OBJECT OF THE CONSPIRACY

Beginning on or before May 14, 2024, and continuing until the present, in Los Angeles County, within the Central District of California, and elsewhere, defendants ANDREW SANCHEZ ("A. SANCHEZ") and JUAN SANCHEZ JR., also known as "Junior" ("J. SANCHEZ"), and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally transfer and possess machineguns, in violation of Title 18, United States Code, Section 922(o)(1).

B.    THE MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendant A. SANCHEZ would identify potential customers of machineguns.

2.    Defendant J. SANCHEZ would obtain machineguns to sell.

3.    Defendants A. SANCHEZ and J. SANCHEZ would conduct the machinegun sale.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants A. SANCHEZ and J. SANCHEZ, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On May 14, 2024, at a meeting in El Monte, California, defendant A. SANCHEZ informed an individual he believed

was a firearms customer but was actually an undercover law enforcement agent (the "UC"), that defendant A. SANCHEZ's brother, defendant J. SANCHEZ, lived in the Chicago area and could obtain machinegun conversion devices to sell to the UC.

Overt Act No. 2:   On May 14, 2024, at a meeting in El Monte, California, defendant A. SANCHEZ offered to introduce the UC and the UC's associates in Chicago to defendant J. SANCHEZ to obtain firearms, including machinegun conversion devices.

Overt Act No. 3:   On June 17, 2024, via text message, defendant A. SANCHEZ informed the UC that defendant J. SANCHEZ had a Glock 19 with a switch built in it that made it shoot "like full auto."

Overt Act No. 4:   On June 18, 2024, defendant A. SANCHEZ sold the UC a Glock 19 with a binary trigger that defendant A. SANCHEZ had received from defendant J. SANCHEZ.

Overt Act No. 5:   On July 10, 2024, after defendant A. SANCHEZ had previously informed that defendant J. SANCHEZ was interested in meeting the UC and would send the UC a photograph of a machinegun switch defendant J. SANCHEZ could provide, via text message, defendant A. SANCHEZ sent a photograph of a machinegun switch to the UC.

Overt Act No. 6:   Between July 10 and July 16, 2024, via text messages, defendant A. SANCHEZ coordinated a meeting between the UC and defendant J. SANCHEZ.

Overt Act No. 7:   On July 16, 2024, via phone call and text message using coded language, defendant A. SANCHEZ sent a location in Joliet, Illinois for the meeting between the UC and defendant J. SANCHEZ.

<u>Overt Act No. 8:</u>     On July 16, 2024, in Joliet, Illinois, defendant J. SANCHEZ met with the UC and the UC's associates while defendant A. SANCHEZ joined the meeting via video call.

<u>Overt Act No. 9:</u>     On July 16, 2024, defendant J. SANCHEZ sold the UC and the UC's associates two firearms, including a machinegun, and over one hundred rounds of ammunition in exchange for $2,900.

COUNT THREE

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[DEFENDANTS AVILA, A. SANCHEZ, AND SILVA]

Beginning on or about March 16, 2024, and continuing to the present, in Los Angeles County, within the Central District of California, and elsewhere, defendants BRIAN AVILA, ANDREW SANCHEZ ("A. SANCHEZ"), and JONATHAN SILVA, not being licensed importers, manufacturers, or dealers of firearms, each aiding and abetting the other, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | DEFENDANT(S) | FIREARM(S) |
|------|--------------|------------|
| 3/29/2024 | AVILA | Privately made 9mm caliber pistol |
| 4/24/2024 | AVILA; A. SANCHEZ | (1) Privately made AR type firearm; (2) Privately made AR type firearm; (3) Colt, model Army Special, .38 caliber revolver, bearing serial number 349373 |
| 5/14/2024 | AVILA; A. SANCHEZ; SILVA | (1) Privately made 9mm caliber pistol; (2) Mossberg, model 500, 12 gauge shotgun, bearing serial number V0545318; (3) Privately made AR type pistol (4) Glock, model 42, .380 caliber pistol, bearing serial number ACSA812pe firearm |

| DATE | DEFENDANT(S) | FIREARM(S) |
|---|---|---|
| 6/12/2024 | AVILA;<br>A. SANCHEZ | (1) Privately made AR type firearm;<br><br>(2) Privately made AR type firearm;<br><br>(3) Smith & Wesson, model M&P 9C, 9mm pistol, bearing serial number HMJ3329;<br><br>(4) HS Produkt, model XD45, .45 caliber pistol, bearing serial number GM506058;<br><br>(5) HS Produkt, model XD45 Compact, .45 caliber pistol, bearing serial number MG664514 |
| 6/18/2024 | A. SANCHEZ | (1) Typhoon Defense, model F12.1, 12 gauge caliber shotgun, bearing serial number 21-B-2708;<br><br>(2) Glock, model 21, .45 caliber pistol, bearing serial number DST687US;<br><br>(3) Glock, model 19, 9mm caliber pistol, bearing serial number ACEE821;<br><br>(4) Privately made pistol;<br><br>(5) Privately made pistol |
| 7/24/2024 | A. SANCHEZ | (1) Privately made AR type firearm;<br><br>(2) Privately made AR type firearm;<br><br>(3) Privately made AR type firearm;<br><br>(4) Privately made AR type firearm;<br><br>(5) Privately made pistol;<br><br>(6) Marlin, model 336, 30-30 caliber rifle, bearing serial number 21073534;<br><br>(7) Sig Sauer, model P224 SAS, .40 caliber pistol, bearing serial number 50A004846;<br><br>(8) Taurus, model G2C, .40 caliber pistol, bearing serial number ADJ694731 |

| DATE | DEFENDANT(S) | FIREARM(S) |
|---|---|---|
| 10/3/2024 | AVILA;<br>A. SANCHEZ;<br>SILVA | (1) Privately made 9mm caliber pistol;<br><br>(2) Privately made short barrel 5.56 caliber rifle;<br><br>(3) Remington Arms, model 550-1, .22 caliber rifle, bearing no serial number;<br><br>(4) Remington Arms, model 700, .270 caliber rifle, bearing serial number 6364563;<br><br>(5) Stevens, model 125, .22 caliber rifle, bearing serial number D581577 |

1

COUNTS FOUR THROUGH SEVEN

2

[18 U.S.C. § 922(g)(1)]

3

[DEFENDANT AVILA]

4      On or about the following dates, in Los Angeles County, within

5  the Central District of California, defendant BRIAN AVILA knowingly

6  possessed the following firearms and ammunition, each in and

7  affecting interstate and foreign commerce:

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|-------|------|---------------------------|
| FOUR | 3/29/2024 | 22 rounds of Companhia Brasileira de Cartuchos 9mm Luger caliber ammunition;<br><br>Four rounds of Remington-Peters 9mm Luger caliber ammunition;<br><br>Two rounds of Eldorado Cartridge Corporation 9mm caliber ammunition;<br><br>One round of Federal Cartridge 9mm Luger caliber ammunition;<br><br>One round of Western Cartridge Company 9mm caliber ammunition; and<br><br>One round of Winchester 9mm Luger caliber ammunition |
| FIVE | 4/24/2024 | 30 rounds of Giulio Fiocchi, Lecco 9mm Luger caliber ammunition; and<br><br>30 rounds of Federal Cartridge .223 Rem caliber ammunition |
| SIX | 6/12/2024 | Springfield Armory USA, model XD-45 ACP, .45 caliber semi-automatic pistol, bearing serial number MG664514;<br><br>Smith & Wesson, model MP 9C, 9mm caliber semi-automatic pistol, bearing serial number HMJ3329;<br><br>Ten rounds of Pretoria Metal Pressings 5.56 caliber ammunition; |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|-------|------|---------------------------|
|       |      | 12 rounds of Aguila .45 Auto caliber ammunition; <br><br> Four rounds of SPEER, .45 Auto caliber ammunition; and <br><br> Two rounds of Federal .45 Auto caliber ammunition |
| SEVEN | 10/3/2024 | Remington Arms, model 700, .270 caliber bolt action rifle, bearing serial number 6364563; <br><br> Remington Arms, model 550-1, .22 caliber semi-automatic rifle, bearing no serial number; <br><br> Savage Arms, model 125, .22 caliber bolt action rifle, bearing serial number D581577; <br><br> Eight rounds of Sellier & Bellot 9x19 caliber ammunition; and <br><br> 48 rounds of Rheinisch Westfalischen Sprengstoff .22 caliber ammunition |

Defendant AVILA possessed such firearms and ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of San Bernardino, Case Number FWV23004112, on or about December 11, 2023.

15

COUNTS EIGHT THROUGH TWELVE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT A. SANCHEZ]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant ANDREW SANCHEZ ("A. SANCHEZ") knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|-------|------|---------------------------|
| EIGHT | 04/24/2024 | Colt, model Army Special, .38 caliber revolver bearing serial number 349373; and<br><br>Ten rounds of Hornady .38 Special caliber ammunition |
| NINE | 5/14/2024 | Mossberg, model 500, 12 GA caliber pump action shotgun, bearing serial number V0545318;<br><br>Glock, model 42, .380 caliber semi-automatic pistol, bearing serial number ACSA812;<br><br>Three rounds of Precision Made Cartridges .380 Auto caliber ammunition;<br><br>12 rounds of Federal 12 Gauge caliber ammunition;<br><br>17 rounds of Giulio Fiocchi, Lecco 9mm Luger caliber ammunition;<br><br>One round of Remington-Peters 9mm Luger caliber ammunition;<br><br>30 rounds of Republic .380 Auto caliber ammunition;<br><br>12 rounds of Igman Konjic 5.56x45 caliber ammunition; and |

16

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|---|---|---|
| | | 25 rounds of Herter's 12 GA caliber ammunition |
| TEN | 6/12/2024 | Springfield Armory USA, model XD-45 ACP, .45 caliber semi-automatic pistol, bearing serial number MG664514; <br><br> 13 rounds of Sellier & Bellot .45 Auto caliber ammunition; and <br><br> Ten rounds of Pretoria Metal Pressings 5.56 caliber ammunition |
| ELEVEN | 6/18/2024 | Typhoon Defense, model F12, 12 GA caliber pump action shotgun, bearing serial number 21-B-2708; <br><br> Glock, model 19, 9mm caliber semi-automatic pistol, bearing serial number ACEE821; <br><br> Glock, model 21, .45 auto caliber semi-automatic pistol, bearing serial number DST687 US; <br><br> Four rounds of Blazer 9mm Luger caliber ammunition; <br><br> Six rounds of rounds of Cascade Cartridge Inc. 9mm Luger caliber ammunition; <br><br> Seven rounds of Winchester 9mm Luger caliber ammunition; <br><br> Two rounds of Arms Corporation of the Philippines 9mm Luger caliber ammunition; <br><br> Three rounds of STV Technology 9mm Luger caliber ammunition; and <br><br> One round of Arms Corporation of the Philippines .45 Auto caliber ammunition |

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|-------|------|---------------------------|
| TWELVE | 6/24/2024 | Taurus, model G2c, .40 caliber semi-automatic pistol, bearing serial number ADJ694731;<br><br>Sig Sauer, model P224 SAS, .40 caliber semi-automatic pistol, bearing serial number 50A004846;<br><br>One round of Blazer .40 S&W caliber ammunition;<br><br>Four rounds of Winchester .40 S&W caliber ammunition;<br><br>19 rounds of Precision Made Cartridges .40 S&W caliber ammunition;<br><br>Three rounds of Giulio Fiocchi, Lecco .40 S&W caliber ammunition;<br><br>One round of Federal .40 S&W caliber ammunition;<br><br>One round of Winchester Military Ammunition .40 S&W caliber ammunition;<br><br>Five rounds of SPEER .40 S&W caliber ammunition;<br><br>Nine rounds of Winchester 30-30 WIN caliber ammunition;<br><br>One round of Super-X 30-30 WIN caliber ammunition;<br><br>Ten rounds of Federal Cartridge .300 BLK caliber ammunition;<br><br>Ten rounds of Pretoria Metal Pressings 5.56 caliber ammunition; and<br><br>20 rounds of Tulammo 7.62x39 caliber ammunition |

1      Defendant A. SANCHEZ possessed such firearms and ammunition

2  knowing that he had previously been convicted of a felony crime

3  punishable by a term of imprisonment exceeding one year, namely,

4  Possession of a Controlled Substance with Firearm, in violation of

5  California Health and Safety Code Section 11370.1(a), in the Superior

6  Court for the State of California, County of Los Angeles, Case Number

7  KA133610, on or about September 26, 2023.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                         FORFEITURE ALLEGATION

2              [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 924(d)(1), and Title 28, United States

7   Code, Section 2461(c), in the event of any defendant's conviction of

8   the offenses set forth in any of the counts of this Indictment.

9        2.    Any defendant so convicted shall forfeit to the United

10  States of America the following:

11            (a)   All right, title, and interest in any firearm or

12  ammunition involved in or used in any such offense; and

13            (b)   To the extent such property is not available for

14  forfeiture, a sum of money equal to the total value of the property

15  described in subparagraph (a).

16       3.    Pursuant to Title 21, United States Code, Section 853(p),

17  as incorporated by Title 28, United States Code, Section 2461(c), the

18  convicted defendant shall forfeit substitute property, up to the

19  value of the property described in the preceding paragraph if, as the

20  result of any act or omission of said defendant, the property

21  described in the preceding paragraph or any portion thereof (a)

22  cannot be located upon the exercise of due diligence; (b) has been

23  transferred, sold to, or deposited with a third party; (c) has been

24  placed beyond the jurisdiction of the court; (d) has been

25  //

26  //

27

28

substantially diminished in value; or (e) has been commingled with
other property that cannot be divided without difficulty.


                                        A TRUE BILL


                                        /S/
                                        Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division



SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
Section

DANBEE C. KIM
Assistant United States Attorney
General Crimes Section